# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| JASON YOUNG, *as Administrator of the Estate of Tyler. D. Young, Deceased*, | ) ) ) | |
| Plaintiff, | ) ) | Case No.   1:16-cv-01367-JBM |
| v. | ) ) | |
| PEORIA COUNTY, ILLINOIS, MICHEAL MCCOY, *Peoria County Sheriff*, BRIAN ASBELL, *Corrections Superintendent*, MORGAN HANSE, ALEC MICHEL, MICHAEL SMITH, STAN KESTER, OLIVIA RADCLIFF-TISH, CORRECTIONAL HEALTHCARE COMPANIES (CHC), CORRECT CARE SOLUTIONS, LLC, | ) ) ) ) ) ) ) ) ) ) | |
| Respondent. | | |

## <u>ORDER & OPINION</u>

The matter is before the Court on Defendants' Motions to Dismiss. (Docs. 23 and 25). For the reasons explained below, Defendants Radcliff-Tish, Correctional Healthcare Companies, and Correct Care Solutions, LLC's Motion to Dismiss (Doc. 23) is granted. Defendants Peoria County, Peoria County Sheriff, McCoy, Asbell, Sheriff Officers Hanse, Michel, Smith, and Kester's Motion to Dismiss (Doc. 25) is granted in part and denied in part. Plaintiff has twenty-one days to file a second amended complaint to cure the deficiencies as noted.

# BACKGROUND[1]

Tylor Young was a twenty-two year old prisoner at the Peoria County Jail in Peoria, Illinois from October 6, 2014 until October 12, 2014, when Mr. Young committed suicide in his cell.[2] At the time, Mr. Young was a serious drug addict, who was participating in an active methadone treatment program and/or a narcotic treatment program ("NTP") for his heroin and opioid addiction.

This was not Mr. Young's first visit to the Peoria County Jail, as he had cycled in and out of it for several years before his death. During prior visits, Mr. Young was placed on suicide watch.

During his last booking on October 6th, 2014, Defendants performed physical, mental, and psychiatric examinations of Mr. Young which indicated that he was an opioid addict, was actively engaged in NTP and/or a methadone program, and was suffering from a mental health disability and drug addiction. Despite this, Mr. Young was placed into the general population, in the F-Pod unit, which was not suicide-proof.

---

[1] For purposes of the Motions to Dismiss, the Court accepts the following facts alleged by Plaintiff as true. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). All facts come from Plaintiff's Amended Complaint. (Doc. 19).

[2] Plaintiff does not identify Mr. Young's status for incarceration whether it be as a convicted prisoner, a pretrial detainee, or a hybrid form. The status of Mr. Young's incarceration determines which Constitutional Rights Mr. Young had. The Eighth Amendment applies to convicted prisoners. *See Estate of Clark v. Walker*, 865 F.3d 544, 544 n.1 (7th Cir. 2017) (citing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015)). The Fourteenth Amendment applies to pretrial detainees. *Id.* Because the language of the Clauses differs, the nature of the claims often differs. *Id.* It appears based on Plaintiff's Amended Complaint, which alleges a violation of Mr. Young's Fourteenth Amendment rights, that Mr. Young was a pretrial detainee. (Doc. 19 at 1.) None of the Defendants argues otherwise.

On October 12, 2014, Mr. Young hanged himself in his cell by looping his bedsheet through a metal fixture.

On September 30, 2016, Plaintiff, Mr. Young's estate, filed suit against Defendants. On December 7, 2016, Plaintiff was granted leave to file an Amended Complaint. (Doc. 19). Plaintiff alleges three counts against all Defendants: a claim under 42 U.S.C. § 1983 for failure to protect in violation of the Fourteenth Amendment; a violation of the Americans with Disabilities Act ("ADA"), pursuant to 42 U.S.C. § 12132; and a wrongful death claim under Illinois law. Additionally, Plaintiff alleged a claim of *respondeat superior* against Peoria County and the Peoria County Sheriff.

On January 25, 2017, Defendants Radcliff-Tish, Correctional Healthcare Companies, and Correct Care Solutions (collectively the "Medical Defendants") filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. (Doc. 23). The Medical Defendants argue that Plaintiff failed to state a claim because he alleged generic allegations against all of the defendants and gave no indication which individual acts or omissions he alleged that the Medical Defendants committed. The Medical Defendants also argue that there is no personal liability under Title II of the ADA. Lastly, the Medical Defendants argue that Plaintiff's wrongful death claim was too general to meet pleading standards.

On January 25, 2017, Defendants Peoria County, Peoria County Sheriff Michael McCoy, [3] Corrections Superintendent Brian Asbell, Officer Morgan Hanse, Officer Alec Michel, Officer Michael Smith, and Officer Stan Kester (collectively the "Correctional Defendants") filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. (Doc. 25). The Correctional Defendants argue that Plaintiff failed to state a claim because he alleged generic allegations against all of the defendants and gave no indication which individual acts or omissions he alleged that the Correctional Defendants committed. The Correctional Defendants also argue that there is no personal liability under Title II of the ADA. The Correctional Defendants argue that Plaintiff's wrongful death claim was too general to meet pleading standards. The Correctional Defendants also argue that Plaintiff has failed to state a claim via *respondeat superior*. Additionally, the Correctional Defendants argue that Illinois's Tort Immunity Act provides tort immunity. Lastly, the Correctional Defendants

---

[3] Although Plaintiff does not explicitly name the Peoria County Sheriff as a Defendant, he does name Peoria County Sheriff McCoy in what appears to be his official capacity. (Doc. 19 at 3). "[Section] 1983 suits against sheriffs in their official capacities are in reality suits against the county sheriff's department rather than the county board." *Franklin v. Zaruba*, 150 F.3d 682, 686 (7th Cir. 1998). Therefore, the Court presumes that Plaintiff's allegations against Sheriff McCoy in his official capacity are actually allegations against the Peoria County Sheriff.

In order to be able to distinguish between claims against Sheriff McCoy in his official and individual capacities, the Court will use "Peoria County Sheriff" for claims brought against the Peoria County Sheriff in his official capacity and "Defendant McCoy" for claims brought against Defendant Sheriff McCoy in his individual capacity. If Plaintiff chooses to file a second amended complaint, the Court advises Plaintiff to clearly identify whether he is bringing claims against the Peoria County Sheriff in his official capacity, individual capacity, or both.

argue that an applicable Illinois statute of limitations makes Plaintiff's claim untimely.

Plaintiff has responded to each motion and they are ready for a decision.[4] Because the first three issues of each Motion to Dismiss are identical, the Court will address them together. Then, the Court will also address the Correctional Defendants' final arguments.

## II. LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), "the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient detail to give notice of the claim, and the allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'"

---

[4] The Court notes that both of Plaintiff's Responses (Docs. 27 and 28) are in violation of the 15 page limit of Local Rule 7.1(B)(4)(a). See CDIL-7.1(B)(4)(a). It appears that neither of Plaintiff's memorandums violate the Local Rule's type volume limit of 7,000 words (although Plaintiff's response to the Correctional Defendants' Motion to Dismiss (Doc. 28) is only a couple words shy of that limit). However, the Local Rules require Plaintiff's Counsel to submit a certificate of compliance with the type volume limitations. CDIL-7.1(B)(4)(c). Plaintiff's Counsel has not done so. The Court admonishes Plaintiff's Counsel to consult the Local Rules and be in compliance with all of them before filing any future material with the Court.

*EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). The plausibility standard requires enough facts to "present a story that holds together," but does not require a determination of probability. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Though detailed factual allegations are not needed, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III.   DISCUSSION

Defendants' motions to dismiss are granted in part, denied in part. Because they address numerous issues, the Court will identify each and briefly discuss them. First, Plaintiff has improperly pled claims against Peoria County. Plaintiff cannot bring claims directly against Peoria County; rather, Peoria County may only be maintained as a necessary party because it must indemnify the Peoria County Sheriff for any monetary damages imposed against Peoria County Sheriff. Second, Plaintiff has not sufficiently pled facts in order to provide any of the individual defendants (Medical or Correctional) notice of what action or inaction they personally performed that resulted in a constitutional violation under 42 U.S.C. § 1983. Third, Plaintiff cannot maintain an ADA claim against an individual defendant or a private company; therefore, all ADA claims, except for that against Peoria County Sheriff, must be dismissed. Fourth, Plaintiff has sufficiently pled an ADA claim against Peoria County Sheriff; therefore, that claim survives. Fifth, Plaintiff's claims under Illinois's Wrongful Death Act against Peoria County Sheriff and his employees (Defendants McCoy, Asbell, Hanse, Michel, Smith, and Kester) are untimely and must be dismissed. Sixth, Plaintiff's claims under Illinois's Wrongful Death Act are

insufficiently pled to give notice to Defendants Radcliff-Tish, Correctional Healthcare Companies, and Correct Care Solutions, LLC, of their action or inaction. Finally, because Plaintiff's § 1983 claims are insufficiently pled, the Court will not address the Correctional Defendants' argument that Plaintiff's claims are barred by qualified immunity. These seven issues are discussed in further detail below.

## A. PLAINTIFF IMPROPERLY PLED CLAIMS AGAINST PEORIA COUNTY

Plaintiff has improperly pled claims against Peoria County. Under Illinois law, county sheriffs are agents of the county sheriff's department, not the county. *Franklin*, 150 F.3d at 685-86; *see also Moy v. Cty. of Cook*, 640 N.E.2d 926, 929-31 (Ill. 1994); *Dawson v. Carter*, No. 15-C-4321, 2016 U.S. Dist. LEXIS 102922, at *7-8 (N.D. Ill. Aug. 5, 2016). Therefore, Peoria County cannot be held liable for actions of the Peoria County Sheriff under § 1983 or a *respondeat superior* theory. *See Franklin*, 150 F.3d at 685-86; *Ryan v. Cty. of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995); *Wallace v. Masterson*, 345 F. Supp. 2d 917, 921-22 (N.D. Ill. 2004).

However, Peoria County is a necessary party in any suit seeking damages from an independently elected county officer in an official capacity. *Carver v. Sheriff of LaSalle Cty.*, 324 F.3d 947, 948 (7th Cir. 2003). This is because Illinois state law requires the county to pay for any judgment entered against the county sheriff in an official capacity. *Id.* (citing *Carver v. Sheriff of LaSalle Cty.*, 787 N.E.2d 127 (Ill. 2003)). Therefore, Plaintiff should bring suit against Peoria County as an indemnifier of the Peoria County Sheriff; however, Plaintiff may not bring suit directly against Peoria County for the Sheriff's policies and procedures under a § 1983 claim or a *respondeat superior* theory of liability. *See, e.g., Brandon v. Smith*, No. 06-1316, 2008

U.S. Dist. LEXIS 24885, at *13-14 (C.D. Ill. Mar. 28, 2008) ("These six claims go well beyond what *Carver* requires, asserting various civil rights claims directly against the County based, for example on jail policy, for which the County has no authority."). To the extent that Plaintiff is attempting to bring these claims against Peoria County directly, they are dismissed. Plaintiff has twenty-one days to file a second amended complaint and properly plead Peoria County as a defendant for indemnification purposes only.

## B. PLAINTIFF FAILED TO PLEAD ENOUGH INFORMATION TO STATE A § 1983 CLAIM

Plaintiff has failed to plead enough information to provide each Defendant notice of a claim under 42 U.S.C. § 1983. Section 1983 provides that:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

42 U.S.C. § 1983. The United States Supreme Court expanded § 1983 to apply to municipalities, if the violation resulted from the execution of one of its policies. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). In order to allege a *Monell* claim, a plaintiff must allege: 1) an express policy that caused the constitutional deprivation; 2) a widespread practice that, although not authorized by written law or express municipal policy, is so well settled and permanent; or 3) that the constitutional injury was caused by a person with final policymaking authority. *Lewis v. City of Chi.*, 496 F.3d 645, 656 (7th Cir. 2007). Medical providers, who contract with jails to perform the public function of providing medical services, like mental health services, to

inmates are treated the same as municipalities for the liability purposes of a § 1983 claim. *Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010).

Plaintiff has failed to state a § 1983 claim against the individual named Defendants McCoy, Asbell, Hanse, Michel, Smith, Kester, and Radcliff-Tish. Furthermore, plaintiff must plead that a defendant personally participated or caused the unconstitutional action in order to bring a § 1983 claim against an individual. *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003); *see also Marshall v. Buckley*, 644 F. Supp. 2d 1075, 1080 (N.D. Ill. 2009); *Brown v. State Dep't of Pub. Aid*, 318 F. Supp. 2d 696, 700 (N.D. Ill. 2004). Plaintiff only alleges, both generically and collectively, that "Defendants each" performed actions like: failed to properly supervise Mr. Young, failed to monitor Mr. Young, failed to remove reasonably foreseeable dangerous items from Mr. Young's cell, failed to handle and screen prisoners who were known to pose a risk of committing suicide, failed to have sufficiently staff the jail, failed to properly screen opioid-addicted inmates, and were deliberately indifferent to the health, life, safety, and welfare of Mr. Young. (Doc. 19 at 8-11). Although Plaintiff must only plead a "short and plain statement," it is clear that it must be more detailed than this in order to provide proper notice to Defendants.

Plaintiff fails to plead when each of these individuals may have interacted with Mr. Young or how each individually participated or caused the unconstitutional action. Mr. Young was booked on October 6th, but did not commit suicide until October 12th. That is a span of seven days and countless time for interactions with the individual defendants. Plaintiff has not provided any facts that touch upon how the individual Defendants' actions, or inactions, would give rise to his § 1983 claim.

Furthermore, Plaintiff's Amended Complaint is self-contradictory because he brings these allegations against the Defendants as a collective but tries to identify each Defendant as part of the collective by saying "Defendants each." For example, the Court doubts that Nurse Radcliff-Tish, a contract nurse, was involved in the failure to "have adequate, proper, and sufficient jail officer staffing levels so as to provide adequate and proper monitoring and supervision of prisoners and inmates." (Doc. 19 at 10). Yet, by stating "Defendants each," Plaintiff is making that allegation against all Defendants, including Defendant Radcliff-Tish. While pleading generally "Defendants each" might be simpler for the Plaintiff to do, it is insufficient to give each Defendant notice of their personal actions or inactions. Therefore, it is clear that Plaintiff has not provided enough notice to each individual defendant as to their individual action or inaction to state a § 1983 claim. Therefore, the § 1983 claims against the individual Defendants McCoy, Asbell, Hanse, Michel, Smith, Kester, and Radcliff-Tish are dismissed without prejudice. Because these are flaws that can be cured by adequate factual pleading, Plaintiff is given twenty-one days to file a second amended complaint to cure them.

Plaintiff has also failed to state a § 1983 claim under *Monell* against the Peoria County Sheriff, Correctional Healthcare Companies or Correct Care Solutions. Plaintiff does not identify what practices, policies, and procedures the Peoria County Sheriff is responsible for compared to what is the responsibility of the private contract medical companies. Plaintiff's allegations are a myriad of conclusory statements about the "policies, practices, procedures, and rules" for handling, screening evaluating, examining, identifying, supervising, monitoring, and treating inmates.

(Doc. 19 at 9-11). However, these allegations are a formulaic recitation of the elements of a *Monell* claim followed by virtually all the activities that a local jail performs and most of its contact with inmates. These broad allegations, coupled with not identifying which particular defendant is responsible for which policies, practices, procedures, or rules, fail to provide sufficient notice of a § 1983 *Monell* claim. *See, e.g., Brooks v. Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009); *Dennis v. Curran*, No. 16-C-6014, 2017 U.S. Dist. LEXIS 7978, at *15-16 (N.D. Ill. Jan. 20, 2017); *Armour v. County Club Hills*, No. 11-C-5029, 2014 U.S. Dist. LEXIS 1849, at *20-24 (N.D. Ill. Jan. 8, 2014). Plaintiff must provide allegations that are specific and sufficient for the Office of the Peoria County Sheriff and each of the medical companies to be put on notice as to the policies or customs personal to them that Plaintiff claims are a § 1983 violation under *Monell*. Because Plaintiff has failed to do so, Plaintiff's remaining § 1983 claims against them must be dismissed. Because these deficiencies may be cured, this dismissal is without prejudice. Plaintiff will have twenty-one days to file an amended complaint curing these deficiencies.[5]

### C. PLAINTIFF CANNOT BRING A CLAIM OF DISCRIMINATION UNDER TITLE II OF THE ADA AGAINST INDIVIDUAL DEFENDANTS.

Plaintiff cannot bring a claim of Discrimination under Title II of the ADA against Individual Defendants or any of the Medical Defendants. Title II provides that:

---

[5] Because the Court has dismissed all of Plaintiff's § 1983 claims for failing to plead with enough particularity to provide notice, the Court will not address the Medical Defendants' and the Correctional Defendants' second argument: that Plaintiff failed to plead actual knowledge and intentional disregard. However, Plaintiff should use his opportunity to amend to cure all deficiencies that he is made aware of, even if the Court does not address them.

"[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

42 U.S.C. § 12132. Furthermore, Title II defines a "public entity" as:

"a)  any State or local government;
b)  any department, agency, special purpose district, or other instrumentality of a State or States or local government; and
c)  the National Railroad Passenger Corporation, and any commuter authority"

42 U.S.C. § 12131. The United States Court of Appeals for the Seventh Circuit has explained that because the ADA forbids discrimination by a public entity that the proper defendant is the public entity. *Walker v. Snyder*, 213 F.3d 344, 346 (7th Cir. 2000) (abrogated on other grounds by *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001) (allowing claims for prospective *injunctive* relief against individuals in their official capacity)).

Because a Title II discrimination claim must be brought against a public entity, a claim seeking damages against an individual cannot be maintained. *Id.*; *see also Boston v. Dart,* No. 14-cv-8680, 2015 U.S. Dist. LEXIS 101348, at *4-5 (N.D. Ill. Aug. 4, 2015) (citing *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303,* 783 F.3d 634, 644 (7th Cir. 2015)); *Sallenger v. City of Springfield*, No. 03-3093, 2005 U.S. Dist. LEXIS 18202, at *86-88 (C.D. Ill. Aug. 4, 2005); *Doe v. Bd. of Trs. of the Univ. of Ill.*, 429 F. Supp. 2d 930, 940 (N.D. Ill. 2006); *Novak v. Bd. of Trs. of S. Ill. Univ.*, No. 12-cv-7-JPG, 2012 U.S. Dist. LEXIS 149697, at *22 (S.D. Ill. Oct. 18, 2012). Therefore, as Plaintiff ultimately admitted, the ADA claim against Defendants McCoy, Asbell, Hanse, Michel, Smith, Kester, and Radcliff-Tish in their individual capacities must be dismissed with prejudice.

Likewise, based on the statute, a Title II ADA discrimination claim cannot be maintained against the Medical Defendants, because they do not meet the statutory definition of a "public entity." Although the Seventh Circuit has not addressed this issue, several other circuits courts and district courts—including one of our sister courts in this circuit—have found that "a private company does not become a public entity for Title II purposes merely because it has a business or contractual relationship with a public entity." *Maxwell v. South Bend Work Release Ctr.*, 787 F. Supp. 2d 819, 822 (N.D. Ind. 2011); *see also Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010) ("[a] private contractor does not, . . . become liable under Title II merely by contracting with the States to provide governmental services, essential or otherwise"); *Phillips v. Tiona*, 508 F. App'x 737, 748-49 & 754 (10th Cir. 2013) (collecting case and joining "the overwhelming majority of other courts that have spoken directly on the issue, and hold[ing] that Title II of the ADA does not generally apply to private corporations that operate prisons."). Furthermore, Plaintiff does not contest this. Therefore, Plaintiff's ADA claims against the Medical Defendants, as well as all of the individual Defendants, must be dismissed with prejudice.

### D. PLAINTIFF'S ADA CLAIM AGAINST THE PEORIA COUNTY SHERIFF SURVIVES

Plaintiff has sufficiently pled an ADA claim against the Peoria County Sheriff.[6] In order to plead a failure to accommodate claim, Plaintiff need only to

---

[6] In his Response to the Medical Defendant's Motion to Dismiss (Doc. 27), Plaintiff states that he is asserting his ADA claim against Peoria County Sheriff in his official capacity, the Corrections Superintendent in his official capacity, and Peoria County. Additionally, because the Correctional Superintendent is hired and fired by the Peoria County Sheriff, suing the Correctional Superintendent in his official capacity is equivalent to bringing a suit against the Peoria County Sheriff. *See Moy,* 640 N.E.2d at 929. Likewise, as previously discussed, Plaintiff cannot bring a claim

allege: 1) that Mr. Young was a qualified individual with a disability, 2) that Defendant was aware of his disability, and 3) that Defendant failed to reasonable accommodate Mr. Young's disability. *Hooper v. Proctor Health Care Inc.*, 804 F.3d 846, 852 (7th Cir. 2015) (citing *Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701 (7th Cir. 2014)). Plaintiff's Amended Complaint sufficiently pleads an ADA claim.[7] *See, e.g., Brandon*, 2008 U.S. Dist. LEXIS 24885, at *10-11.

### E. Plaintiff's Wrongful Death Claim against the Correctional Defendants Is Untimely

Plaintiff's Illinois Wrongful Death claim against Peoria County Sheriff and his employees is untimely. Under Illinois law,[8] "[n]o civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received of the cause of action accrued." 745 Ill. Comp. Stat. 10/8-101(a).[9] A local public entity includes a county sheriff. *Carver v. Sheriff of La Salle Cty.*, 787 N.E.2d 127, 136 (Ill. 2003). Therefore, Plaintiff had one year to file any Illinois tort cause of action against the

---

directly against Peoria County for the denial of access to a program or activity at the Peoria County jail; rather the proper defendant is the Peoria County Sheriff.

[7] However, if Plaintiff choses to file a Second Amended Complaint to cure the deficiencies in his § 1983 claims, he should correct his ADA pleading to clearly indicate that the ADA claim is being brought against the Peoria County Sheriff in his official capacity.

[8] A federal court applies the same statute of limitations to state law claims as a state court would. *See, e.g., Harrell v. Sheahan*, 937 F. Supp. 754 (N.D. Ill. 1996); *Ellis v. City of Chi.*, No. 2000-C-2457, 2000 U.S. Dist. LEXIS 17827, at *18-21 (N.D. Ill. Nov. 30, 2000).

[9] An Illinois statute does provide a two year limit for claims arising from "patient care." 745 Ill. Comp. Stat. 10/8-101(b). However, that subsection does not apply because Plaintiff has not alleged any injuries arising from patient care.

Peoria County Sheriff or his employees from Mr. Young's suicide on October 12, 2014. *See Long v. Williams,* 155 F. Supp. 2d 938, 943 (N.D. Ill. 2001) (applying a two-year statute of limitations to plaintiff's § 1983 claims and the one year statute of limitations under § 10/8-101(a) to plaintiff's state tort claims); *Am. Nat'l Bank & Trust Co. v. Town of Cicero*, No. 01-C-1395, 2001 U.S. Dist. LEXIS 21469, at *43-46 (N.D. Ill. Dec. 14, 2001) (finding similarly); *Jackson v. City of Joliet*, No. 03-C-4088, 2005 U.S. Dist. LEXIS 12007, at *10-12 (N.D. Ill. May, 19, 2005) (finding similarly).

However, Plaintiff's Complaint was not filed until September 30, 2016. (See Doc. 1). Therefore, Plaintiff's Illinois Wrongful Death claims against the Peoria County Sheriff, directly, and Defendants McCoy, Asbell, Hanse, Michel, Kester, and Smith, individually,[10] are untimely and must be dismissed. *See Holliman v. Cook Cty.*, No. 15-C-9050, 2016 U.S. Dist. LEXIS 120279, at *6 (N.D. Ill. Sept. 6, 2016) ("Although affirmative defenses, such as the statute of limitations, are not usually resolved through a motion to dismiss, if the plaintiff's complaint contains facts that on their face demonstrate the suit is time-barred, it may be disposed of under [Federal Rule of Civil Procedure] 12(b)(6)" (citing *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995)).

Plaintiff's § 1983 and ADA claims were not time-barred. The Correctional Defendants also appear to argue that Plaintiff's § 1983 claim and ADA claim are time-barred. However, Plaintiff's § 1983 claims are governed by the two-year statute of limitations, which is equivalent to the general statute of limitations for personal

---

[10] Because Plaintiff's claims against the individual Correctional Defendants are all untimely, there is no *respondeat superior* liability that can be asserted against the Peoria County Sheriff.

injury claims in Illinois pursuant to 735 Illinois Compiled Statutes § 5/13-202. *Ashafa v. City of Chi.*, 146 F.3d 459, 461 (7th Cir. 1998) ("This circuit has consistently held that the appropriate statute of limitations for § 1983 cases filed in Illinois is two years as set forth in 735 [Illinois Compiled Statutes] § 5/13-202.") (citations omitted). Likewise, because the ADA does not have its own statute of limitations, it uses Illinois's two year personal injury limitation. *Winfrey v. City of Chi.*, 957 F. Supp. 1014, 1023 (N.D. Ill. 1997) (citing *Cheeney v. Highland Cmty. Coll.*, 15 F.3d 79, 81-82 (7th Cir. 1994)). Therefore, because Plaintiff's Complaint was filed on September 30, 2016, his § 1983 and ADA were not time-barred.

### F. PLAINTIFF FAILED TO PLEAD ENOUGH INFORMATION TO STATE A WRONGFUL DEATH CLAIM

Like Plaintiff's § 1983 claim deficiencies, Plaintiff fails to plead enough facts to give Defendants notice of what the actions or inactions allegedly support his wrongful death claim. Plaintiff alleges an Illinois wrongful death claim against all Defendants pursuant to 740 Ill. Comp. Stat. 180/1 (2012). Under Illinois law, a plaintiff must show: 1) that defendant owed a duty to the deceased; 2) that defendant breached the duty; 3) that the breach caused the decedent's death; and 4) that monetary damages resulted to persons designated under the Act. *Lough v. BNSF Ry. Co.*, 988 N.E.2d 1090, 1094 (Ill. Ct. App. 2013). Just as in his § 1983 claim, Plaintiff uses generic "Defendants each" language throughout the allegations relation to the wrongful death claims. Such language is not sufficient to put the individual Medical Defendants on notice of what duties they each allegedly breached and how their individual actions caused Plaintiff's death.

### G. ILLINOIS'S SUICIDE RULE DOES NOT DEFEAT PLAINTIFF'S ILLINOIS WRONGFUL DEATH ACT

The Medical Defendants argue that based on Illinois's "suicide rule," Plaintiff cannot recover under the Wrongful Death Act because "[i]t is well established under Illinois law that a plaintiff may not recover for a decedent's suicide following a tortious act because suicide is an independent intervening event that the tortfeasor cannot be expected to foresee." *Crumpton v. Walgreen Co.*, 871 N.E.2d 905, 910 (Ill. Ct. App. 2007). However, several courts, including this Court, have noted that "a 'jailer owes a general duty of due care to his prisoner'" and that "the Illinois Supreme Court has never determined whether this general duty of care nullifies the suicide rule." *Perks v. Cty. of Shelby*, No. 09-3154, 2009 U.S. Dist. LEXIS 77575, at *13 (C.D. Ill. Aug. 31, 2009) (quoting *Dezort v. Vill. of Hinsdale*, 342 N.E.2d 468, 472-73 (Ill. Ct. App. 1976)). Additionally, the "suicide rule" has not been recognized in situations where the defendant had a duty to the decedent to prevent the suicide. *Turcois v. DeBruler*, 32 N.E.3d 1117, 1124 (Ill. 2015) (citations omitted). This is because "[w]here the duty of care breached is the duty to protect against what would otherwise be an unforeseeable consequence, that consequence becomes foreseeable to the defendant, and the breach of the duty to protect against it can result in negligence liability. So, for example, 'a hospital that fails to maintain a careful watch over patients known to be suicidal is not excused by the doctrine of supervening cause from liability for suicide.'" *White v. Watson*, No. 16-cv-560-JPG-DGW, 2016 U.S. Dist. LEXIS 149111, *20-21 (S.D. Ill. Oct. 26, 2016) (quoting *Jutzi-Johnson v. United States*, 263 F.3d 753, 756 (7th Cir. 2001)). Therefore, it is clear that the applicability

is determined by whether Defendant owed Plaintiff a duty of care and whether the consequences were foreseeable. Given the inadequate pleadings and the early stage of these proceedings, the Court cannot currently declare that Illinois's Suicide Rule prevents Plaintiff from bringing a Wrongful Death Claim. The Medical Defendants are entitled to renew this argument if Plaintiff files a second amended complaint alleging Wrongful Death Claims against them.

## H. THE COURT CANNOT ADDRESS THE CORRECTIONAL DEFENDANTS' TORT IMMUNITY ARGUMENT

Because of the deficiencies in Plaintiff's § 1983 pleadings, the Court cannot, and will not, address the Correctional Defendants' tort immunity claim. The Correctional Defendants argue that Plaintiff's claims are barred by qualified immunity.[11] Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In order to determine qualified immunity, the Court considers: "(1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendant violated a constitutional right; and (2) whether the constitutional right was clearly

---

[11] The Correctional Defendants also assert that the Local Governmental and Government Employees Tort Immunity Act provides immunity for failing to furnish medical care for a prisoner unless the employee acts with willful and wanton conduct. *See* 745 Ill. Comp. Stat. § 10/4-105. However, State tort law immunity is only applicable to state tort law claims and the Court has already found that Plaintiff's state tort law claims against the Correctional Defendants are untimely. Therefore, this argument is moot and the Court need not address it.

established at [that] time." *Gonzalez v. City of Elgin*, 578 F.3d 526, 540 (7th Cir. 2009) (citing *Pearson*, 555 U.S. at 232)).

In order to analyze the first component of qualified immunity, the Court must determine whether Plaintiff has shown that Mr. Young had a serious medical condition that posed a substantial risk and that the Correctional Defendants knew about the risk and acted or failed to act in disregard of that risk. *See Estate of Ryan L. Clark*, 865 F.3d at 544 (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994)). However, as discussed in the analysis of Plaintiff's § 1983 claims in § III.B, Plaintiff has not pled facts as to what an individual defendant knew or did. Therefore, the Court cannot perform a qualified immunity analysis. If the Plaintiff files amended § 1983 claims, then Defendants are entitled to reassert this argument.

## IV. CONCLUSION

In summary:

1) Plaintiff has incorrectly pled claims against Peoria County. All claims made directly against Peoria County are dismissed. Peoria County may be repleaded as a necessary party as an indemnifier of the Peoria County Sheriff, the proper defendant.

2) Plaintiff has failed to sufficiently pled a § 1983 claim against any Defendant; therefore, all claims are dismissed. Plaintiff has twenty-one days to file a second amended complaint curing his deficiencies.

3) Plaintiff has sufficiently pled an ADA claim against the Peoria County Sheriff. Plaintiff's ADA claims against all other defendants are dismissed with prejudice.

4) Plaintiff's claim under Illinois's Wrongful Death Act against Peoria County Sheriff and Defendants McCoy, Asbell, Hanse, Michel, Smith, and Kester are dismissed as untimely and may not be repleaded.

5) Plaintiff has failed to sufficiently pled a claim under Illinois's Wrongful Death Act against Defendants Radcliff-Tish, Correctional Healthcare Companies, and Correct Care, Solutions, LLC. Plaintiff has twenty-one days to file a second amended complaint curing his deficiencies.

Therefore, the Medical Defendants' Motion to Dismiss (Doc. 23) is granted. Plaintiff has twenty-one days to file a second amended complaint curing his § 1983 and Wrongful Death Act claims against Defendants Radcliff-Tish, Correctional Healthcare Companies, and Correct Care, Solutions, LLC.

The Correctional Defendants' Motion to Dismiss (Doc. 25) is granted in part, denied in part. Defendants' motion to dismiss Plaintiff's § 1983 claims is granted. Plaintiff has twenty-one days to file a second amended complaint curing his § 1983 deficiencies against Defendants Peoria County Sheriff, McCoy, Asbell, Hanse, Michel, Smith, and Kester. Defendants' motion to dismiss Plaintiff's ADA claims is granted in part and the ADA claims against Defendants McCoy, Asbell, Hanse, Michel, Smith, and Kester are dismissed. Defendants' motion to dismiss Plaintiff's ADA claim is denied in part as to Defendant Peoria County Sheriff; this claims survives. Lastly, Defendants' motion to dismiss Plaintiff's Illinois Wrongful Death claims is granted; Plaintiff's Illinois Wrongful Death claims against Defendants Peoria County Sheriff, McCoy, Asbell, Hanse, Michel, Smith, and Kester are dismissed.

Entered this __30th__ day of August, 2017.

                                                    s/ Joe B. McDade
                                                  JOE BILLY McDADE
                              United States Senior District Judge